IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME L. GRIMES,<br><br>    Plaintiff,<br><br>  v.<br><br>RN ROBINSON, et al.,<br><br>    Defendants._____/ | No. C 06-02799 CW<br><br>ORDER GRANTING REQUEST TO PROCEED <u>IN FORMA PAUPERIS</u>, REVIEWING AND DISMISSING AMENDED COMPLAINT |

Plaintiff Jerome L. Grimes, a state prisoner incarcerated at San Francisco County Jail at the time of the events at issue,[1] filed this <u>pro se</u> civil rights complaint alleging that two public defenders who had represented him had obstructed justice, that Deputies Sanchez, Fields and Santiago violated his Eighth Amendment right to be free from excessive force, that another Deputy violated unspecified constitutional rights by placing him in administrative segregation, and that two inmates also violated unspecified constitutional rights. On February 1, 2007, the Court issued an Order Denying Without Prejudice Leave to Proceed In Forma Pauperis [and] Dismissing Complaint With Leave to Amend (February, 2007 Order) (Docket # 14).

---

[1] On May 23, 2007, Plaintiff notified the Court that he was living at 263 Vernon Street, San Francisco, California.

In the February 1, 2007 Order, the Court dismissed without leave to amend the claims against the two public defenders and the two inmates on the ground that they are not state actors and, thus, cannot be sued for a civil rights violation under 42 U.S.C. § 1983. The Court dismissed with leave to amend Plaintiff's claim regarding being placed in administrative segregation because he did not allege who put him in administrative segregation nor did he allege how this violated his constitutional rights. The Court dismissed with leave to amend the claims against Defendants Robinson, Young and Ficher on the ground that he had not stated any facts that would support claims of constitutional violations against them. The Court found that the excessive force claims against Defendants Sanchez, Fields and Santiago were cognizable but that they could not go forward because Plaintiff had not alleged facts which, if proven, would establish that these Defendants applied force "maliciously and sadistically to cause harm," rather than in a good-faith effort to maintain or restore discipline.

On April 9, 2007, Plaintiff filed a First Amended Complaint (FAC) (Docket # 17) alleging the following. On March 2, 2006, Defendant RN Robinson did not immediately X-ray Plaintiff's right injured elbow and "signaled inmate attack weapon, inmate Lamont Rider to punch Plaintiff's jaw after [Robinson] bootlegged anti-coagulated antibiotics pre-surgery terror piece-mell [sic] terror and at least once sneaked into cell at night while Plaintiff slept and taser gun immobilized and put acid in mouth to help pre-fracture lower mandibular jaw bone. [sic]" On various days in February, 2006, newly-named Defendant RN Litvinova refused

2

Plaintiff's pleas for X-rays and emergency medical treatment for a fractured right elbow which was injured on February 15, 2006 and on two nights, "sneaked into Plaintiff's cell and put acid in the mouth, lower jaw area . . . to help pre-fracture lower mandibular jaw bond, while, simultaneously, X26C taser gun back bar plumbing area aim X26C blocking covert area . . . dog training device/taser chip terror to keep Plaintiff semi-sleep immobilized with multiple prior days of medical prescription drug poisoning/ tampering/bootlegging with anti-coagulate chemical warfare to cause unstoppable bleeding during premeditated future resulting broken jaw surgery death disguised as daily antibiotic distribution for Plaintiff's tooth infection. . . ."

The FAC also alleges that, on or about February 10, 2006, Defendant Deputy Sanchez moved Plaintiff from a "secure and stable" cell to an "unsafe and unstable" cell which resulted in injury to Plaintiff through the use of an inmate attack weapon. Defendant Deputy Young also placed Plaintiff in an unsafe living condition in disciplinary administrative segregation in a cell with another inmate attack weapon. Defendant Deputy Fields told Plaintiff to put on handcuffs while another inmate attack weapon was unrestrained. Deputy Fields taser-gunned Plaintiff so that the inmate attack weapon could attempt to hurt Plaintiff's eye with a sharp homemade paperclip ring so that Plaintiff's cornea could be smuggled to a covert hospital emergency room. Defendant Deputy Santiago engaged in the same conduct as Defendant Fields. Defendant Deputy Ficher was acting suspiciously and made an unsafe condition of confinement. Defendant Deputy Kencade sneaked into

3

Plaintiff's cell at night, while Plaintiff slept, and dropped acid drops into Plaintiff's mouth to help pre-fracture Plaintiff's lower jawbone while simultaneously taser gunning Plaintiff. Defendants Deputies Clayborn, Smith and Tek also put acid drops in Plaintiff's mouth. Defendant Deputy Dupre threatened Plaintiff with physical abuse because he said Plaintiff was talking too much. This attempt to stop Plaintiff from talking was aided by Deputies Flores, Calacug-Martin and Johnson.

Defendant Deputy Josif, while escorting Defendant RN Williams, signaled an inmate attack weapon to punch Plaintiff's jaw. Defendant Josif also sneaked into Plaintiff's cell at night, while Plaintiff slept, and dropped acid drops into Plaintiff's mouth to help pre-fracture his jaw bone and simultaneously taser-gunned Plaintiff.

DISCUSSION

Because, in his original complaint, Plaintiff's allegations, if taken as true, demonstrated that he was in imminent danger of serious physical injury, the case was excepted from the 28 U.S.C. § 1915(g) "three-strikes" provision, which the Court previously found applies to Plaintiff. See C 00-1100 CW, Order Dismissing Complaint, filed May 19, 2000.

In the February 1, 2007 Order, the Court allowed Plaintiff to amend his claims against Defendants Sanchez, Fields, Santiago, Robinson, Young and Ficher. The Court also allowed Plaintiff to amend his allegation about being placed into administrative segregation to state who put him in administrative segregation and how that individual or individuals violated Plaintiff's

4

constitutional rights. In his FAC, Plaintiff names many new Defendants. Because, with the exception of individuals who were involved in Plaintiff's administrative segregation claim, the Court did not allow Plaintiff to add new Defendants, all claims against all newly named Defendants are dismissed.

In regard to the excessive force claim against Defendants Sanchez, Fields and Santiago, the Court finds that the TAC, even construed liberally, does not contain allegations that are sufficient to state such claims. The Court similarly finds that the FAC fails to contain allegations sufficient to state claims against Robinson and Ficher. In regard to his administrative segregation claim, Plaintiff alleges that Defendant Young violated Plaintiff's constitutional rights by placing him in administrative segregation because he was put in a cell with an "inmate attack weapon." This allegation is insufficient to state a claim against Defendant Young.

Therefore, Plaintiff's request to proceed in forma pauperis is granted and his complaint is DISMISSED. The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

Dated: 2/14/08

CLAUDIA WILKEN
United States District Judge

5

# UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

JEROME L. GRIMES,

    Plaintiff,

v.

R.N. ROBINSON et al,

    Defendant.

Case Number: CV06-02799 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 14, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jerome L. Grimes
263 Vernon St
San Francisco, CA 94132

Dated: February 14, 2008

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk